IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS CARTER | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-777-TMH (WO) |
| MONTGOMERY MUNICIPAL COURT, *et al.*, | * | |
| Defendant. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Montgomery City Jail in Montgomery, Alabama, files this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged by his current detention. Plaintiff names as defendants the Montgomery Municipal Court, the Honorable Karen Knight, the Honorable Les Hayes, III, the Montgomery City Jail, James Wicker, and Kenneth Nixon. Plaintiff seeks copies of all legal documents and court dates issued to him since March 11, 2008, his release from jail, and lost wages and damages.

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the

# I.  DISCUSSION

According to the complaint, law enforcement officials arrested Plaintiff on May 26, 2009 on an outstanding traffic ticket and placed him in the Montgomery City Jail.  Plaintiff asserts that within a short time of being jailed  another charge appeared against him for violating a provision of the Family Protection Act.  After appearing in court on these charges, Plaintiff was sentenced to 34 days on unpaid fines and told he could either pay $1,000.00 cash bond on the new charge against him (violating a protection order)  or remain in jail until September 4, 2009. (*Doc. No. 1.*)

Plaintiff brings this civil rights action alleging that his current detention amounts to false imprisonment because the protection order on which he is jailed expired in March 2009 and, thus, is void.  Furthermore, Plaintiff contends that he never received notice of a court date or to appear in court on charges of violating a protection order. (*Doc. No. 1.*)

A.  *The False Imprisonment Claim*

To the extent Plaintiff claims that he is falsely imprisoned on a  charge pending before the Montgomery Municipal Court because  the charge against him is invalid, void, or based on a "technicality," such claim may not proceed in this § 1983 action.  It appears from a review of the instant complaint that the charge about which Plaintiff complains is presently pending before the municipal court of the City of Montgomery, Alabama.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court

---

complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

must refrain from interfering with pending state criminal proceedings "when the moving party

has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

      The *Younger* abstention doctrine is premised upon a fundamental "public policy against

federal interference with state criminal prosecutions." *Id.* at 43.  In this case, Plaintiff has an

adequate remedy at law because he may pursue all of his federal constitutional issues through

the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).

Plaintiff may vindicate his constitutional rights in the on-going state court proceedings.

Moreover, Plaintiff has not alleged the existence of any special circumstances which create a

threat of irreparable harm.  The mere fact that he must endure state criminal prosecution fails

to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court must, therefore, abstain

from considering the merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,*

141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the

prosecution of the defendant had been commenced would indirectly implicate the question of

the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution

of a criminal action based on the same type of events is precisely the quandary that *Heck [v.*

*Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Plaintiff's

false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not

cognizable in a 42 U.S.C. § 1983 action at this time.

B.  *Defendants Knight and Hayes*

      To the extent Plaintiff seeks to challenge actions taken by Judges Knight and Hayes

in their judicial capacity during  court proceedings over which they had jurisdiction, such claims are due to be dismissed.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, Plaintiff's claims for monetary damages against Judges Knight and Hayes are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judges Knight and Hayes in the  court proceedings over which these Defendants presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486

(1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for declaratory relief with respect to actions undertaken by Judges Knight and Hayes during proceedings related to Plaintiff's proceedings before the  municipal court is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*C.  The Montgomery City Jail*

Plaintiff names the Montgomery City Jail as a defendant. This defendant is not a  legal entity and, therefore, is  not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed as frivolous.  *Id.*  28 U.S.C. § 1915(e)(2)(B)(i).

*D.  The Montgomery Municipal Court*

Plaintiff names the Montgomery Municipal Court as a defendant.   The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983.  *See  Moity v.*

*Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Dismissal of Plaintiff's complaint against the Montgomery Municipal Court is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

*E. Defendants Wicker and Nixon*

Plaintiff names Thomas Wicker and Kenneth Nixon as defendants. A review of the complaint reflects that Plaintiff's complaint makes no  specific allegations against these individuals.  While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against Defendants Wicker or Nixon. The court, therefore, finds that the complaint, as pled, does not support a cause of action against these individuals and, they are therefore, due to be dismissed.  *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants Knight, Hayes, the Montgomery City Jail, and the Montgomery Municipal Court be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2.  Plaintiff's complaint against Defendants Wicker and Nixon be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3.  Plaintiff's challenge to the constitutionality of his current detention be DISMISSED

without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

4.  The complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 17, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2009.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

7